# IN THE COURT OF APPEALS OF IOWA

No. 20-0800
Filed August 5, 2020

**IN THE INTEREST OF H.K.,**
**Minor Child,**

**E.H., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Adam D. Sauer, District Associate Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Danielle M. Ellingson of Eggert, Erb, & Ellingson, P.L.C., Charles City, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Jane M. Wright, Forest City, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., Schumacher, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**GAMBLE, Senior Judge.**

A mother appeals the termination of her parental rights to her child, H.K. She challenges the statutory grounds authorizing termination and claims the State failed to make reasonable efforts toward reunification. We affirm.

## I. Scope and Standard of Review

We review termination proceedings de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). We generally use a three-step process to review the termination of a parent's rights. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). That process includes determining: (1) whether the State established statutory grounds authorizing termination, (2) if termination is in the child's best interest, and (3) whether to apply a permissive exception to preclude termination. *See id.* at 472–73. "However, if a parent does not challenge a step in our analysis, we need not address it." *In re J.P.*, No. 19-1633, 2020 WL 110425, at *1 (Iowa Ct. App. Jan. 9, 2020).

## II. Discussion

The juvenile court found grounds for termination under Iowa Code section 232.116(1)(e) and (h) (2020). The mother challenges the juvenile court's finding under paragraph (h) but makes no challenge to paragraph (e). Because the mother does not challenge the statutory grounds under paragraph (e), we find the statutory grounds authorizing termination satisfied under section 232.116(1)(e). *See J.P.*, 2020 WL 110425, at *1; *In re N.S.*, No. 14-1375, 2014 WL 5253291, at *3 (Iowa Ct. App. Oct. 15, 2014). Further, with respect to the statutory ground the mother did challenge, it is clear the child cannot be returned to the custody of the mother under section 232.102 at the present time as required under section

232.116(1)(h)(4) due to the mother's chronic and unremitting methamphetamine addiction.

However, the mother claims the Iowa Department of Human Services (DHS) failed to make reasonable efforts toward reunification. "[T]he reasonable efforts requirement is not viewed as a strict substantive requirement of termination." *In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000). "Instead, the scope of the efforts by the DHS to reunify parent and child after removal impacts the burden of proving those elements of termination which require reunification efforts." *Id.* "The State must show reasonable efforts as part of its ultimate proof the child cannot be safely returned to the care of a parent." *Id.*; *accord* Iowa Code § 232.102(7).

A parent must alert the court of the alleged deficiencies prior to the termination hearing. *See In re C.H.*, 652 N.W.2d 144, 147 (Iowa 2002) ("If, however, a parent is not satisfied with DHS'[s] response to a request for other services, the parent must come to the court and present this challenge."); *In re O.T.*, No. 18-0837, 2018 WL 3302167, at *2 (Iowa Ct. App. July 5, 2018) ("The failure to request different or additional . . . services in the juvenile court precludes [the parent's] challenge to the services on appeal."); *In re A.A.G.*, 708 N.W.2d 85, 91 (Iowa Ct. App. 2005) (stating the parent has an obligation to demand other, different, or additional services prior to the termination hearing or the issue is considered waived for appeal). The mother claims DHS (1) did not stay in close enough contact with her to monitor her progress, (2) failed to provide the call-in

number for drug testing,[1] and (3) provided inconsistent support because multiple social workers were assigned to the family over the life of the case. Yet, our review of the record reveals no motion from the mother requesting additional or different services prior to the termination hearing.[2] Therefore, we find the mother waived any challenge to reasonable efforts.

Because the mother does not challenge the juvenile court's best-interest determination or request we apply a section 232.116(3) permissive factor to preclude termination, we do not address the remaining two steps in our process and end our analysis here.

## III. Conclusion

We find the juvenile court correctly terminated the mother's parental rights.

**AFFIRMED.**

---

[1] A DHS worker testified she provided the mother with the call-in number for drug testing.

[2] We note early in this case the State filed a motion for additional services to change the family safety, risk, and permanency worker assigned to the case.